**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.  05-CR-443** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **TERRANCE WILLIAMS,** | : | |
| | : | |
| **Defendant** | : | |

**MEMORANDUM**

Before the Court is a motion in limine filed by Defendant Terrence Williams to exclude

the deposition testimony of Kerri Hudson.  (Doc. No. 1029).  The motion has been briefed and is

ripe for disposition.

**I.      BACKGROUND**

Williams has moved to exclude the testimony of Kerri Hudson, who was arrested as a

material witness in connection with the above captioned indictment.  (Doc. No. 1029.)  Williams

argues that Ms. Hudson's testimony describing certain unlawful activities of Williams is

"unrelated to any of the specific charges alleged in the indictment or the overt acts described

therein and is not relevant under Rule 402 of the Rules of Evidence."  (Id. ¶ 3.)  Williams

complains that Ms. Hudson's testimony bears "no apparent relationship" to the conspiracy

alleged in the indictment, and he also contends that the Middle District is not the appropriate

venue to prosecute these offenses which, if true, occurred outside of its geographical borders.

(Def. Br. in Supp., Doc. No. 1030, at 5-6.)

In response, the Government emphasizes that "the relevance of Ms. Hudson's testimony

can hardly be understated."  (Gov't Br. in Opp., Doc. No. 1038, at 2.)  By way of example, the

Government explains that Ms. Hudson's testimony describes Williams and Co-defendant Derrick

Maes traveling together in interstate commerce for the purpose of prostituting a juvenile and

details a concerted action and/or a tacit agreement between these two men whereby a prostitute of Maes would train one of Williams's prostitutes.  (Id.)  In response to the venue argument mounted by Williams, the Government points out that Williams is not being charged with the substantive offenses of having prostituted Kerri Hudson in Detroit, Michigan.  Rather, he is charged with an interstate conspiracy to travel in interstate commerce "to the Middle District of Pennsylvania and elsewhere," including Michigan, for the purposes of facilitating and engaging in prostitution.  (Id. at 3-4.)

II.     DISCUSSION

The Court has reserved ruling on Defendant's motion because it "present[s] issues for which final decision is best reserved for a specific trial situation."  Walden v. Georgia-Pacific Corp., 126 F.3d 506, 518 n.10 (3d Cir. 1997) (citing American Home Assur. Co. v. Sunshine Supermarket, Inc., 753 F.2d 321, 324 (3d Cir. 1985)).  Where evidence is challenged on the basis that it is irrelevant, "the considerations weighed by the court will likely change as the trial progresses."[1]  Id.  Considered now in the context of the evidence presented to date, Defendant's motion in limine must be denied.  The Government has presented two full days of testimony, including the extended testimony of Wayne Banks and Jessica Klempner, as well as a portion of the testimony of Co-defendant Derrick Maes.  Through these witnesses, the Government has introduced sufficient evidence to establish the existence of the conspiracy alleged in Count I of the indictment, and has identified Williams as a conspirator.  Although the challenged testimony pertains to events that occurred outside of the Middle District of Pennsylvania and before the

_____

[1]  In fact, Defendant Williams himself concedes that the testimony may be relevant, should the Government establish a relationship between the events described by Ms. Hudson and charges against Defendant Williams in the superceding indictment.  (Doc. No. 1030, at 6.)

2

dates of the overt acts alleged against Williams in the indictment, the events discussed by Ms.

Hudson are nonetheless probative of the existence of the conspiracy and thus admissible as

relevant evidence.  Accordingly, the motion in limine will be denied.

## III.    OBJECTIONS TO CERTAIN DEPOSITION TESTIMONY

During the course of Ms. Hudson's deposition, counsel made various objections.  The

Court rules upon these objections as follows:

| Objection (by deposition page number and line) | Ruling |
|---|---|
| Page 23, line 24 | overruled |
| Page 26, line 8 | overruled |
| Page 30, line 10 | sustained |
| Page 31, line 17 | sustained |
| Page 31, line 13 | sustained |
| Page 33, line 9 | sustained |
| Page 33, line 24 | sustained |
| Page 34, line 19 | sustained |
| Page 44, line 10 | sustained |
| Page 50, line 16 | sustained |
| Page 54, line 21 | sustained |
| Page 56, line 1 | sustained |
| Page 57, line 9 | sustained |
| Page 59, line 10 | overruled |
| Page 60, line 13 | overruled |
| Page 64, line 20 | overruled |
| Page 66, line 7 | sustained |
| Page 68, line 7 | sustained |

| Page 78, line 7 | sustained |
| Page 79, line 15 | sustained |
| Page 81, line 14 | sustained |
| Page 82, line 12 | sustained |
| Page 83, line 19 | overruled |

The Government will be instructed to edit the video deposition as needed to reflect the Court's

rulings on these objections.

An appropriate order follows.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | **Criminal No.  05-CR-443** |
| **v.** | : | |
| | : | **(Chief Judge Kane)** |
| **TERRANCE WILLIAMS, ERIC** | : | |
| **HAYES, and ROBERT SCOTT, SR.,** | : | |
| | : | |
| **Defendants** | : | |

## ORDER

     **AND NOW**, this 4th day of October, 2007, **IT IS HEREBY ORDERED THAT**

Defendant Williams's motion to exclude the deposition testimony of Ms. Hudson (Doc. No.

1029) is **DENIED**.

     **IT IS FURTHER ORDERED** that the video deposition shall be edited by the

Government to reflect the Court's rulings on the objections as set forth in the accompanying

memorandum opinion.


         s/ Yvette Kane               
         Yvette Kane, Chief Judge
         United States District Court
         Middle District of Pennsylvania