IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TERRANCE WILLIAMS, | : | |
|     Petitioner | : | No. 1:05-cr-00443-3 |
| | : | |
| v. | : | (Judge Kane) |
| | : | |
| UNITED STATES OF AMERICA, | : | |
|     Respondent | : | |

**MEMORANDUM**

Presently before the Court is a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 (Doc. No. 2239), filed by Petitioner Terrance Williams. For the reasons provided herein, the Court will deny Petitioner's motion.

**I.    BACKGROUND**

On March 27, 2014, Petitioner Terrance Williams filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 2144.)  Upon receipt of his motion to vacate, the Court issued Petitioner a standard notice of election form pursuant to United States v. Miller, 197 F.3d 644 (3d Cir. 1999) (Doc. No. 2158).  On September 19, 2014, the Court received and docketed Petitioner's signed and dated but otherwise incomplete notice of election form. (Doc. No. 2166.)  Along with the returned notice of election form, Petitioner sent a motion to amend his previously-filed § 2255 motion (Doc. No. 2167), to which he appended a 22- page affidavit (Doc. No. 2167-1), and duplicate copies of his 52-page proposed amended motion to vacate (Doc. Nos. 2167-2, 2167-3).

On September 22, 2014, the Court docketed Petitioner's handwritten "Motion to File [a] 'Completed' Notice of Election Form" dated September 17, 2014.  (Doc. No. 2168.)  In his motion, Petitioner indicated that he had neglected to complete the initial notice of election form he had previously mailed with his motion to amend, and requested that the Court accept the

attached notice of election form indicating his election to withdraw his original § 2255 motion and proceed on his proposed amended petition. (Doc. No. 2168.) On September 22, 2014 (Doc. No. 2169), the Court entered an Order that granted Petitioner's motion to amend (Doc. No. 2167), deemed the § 2225 motion withdrawn in light of Petitioner's completed notice of election form (Doc. No. 2168,) directed service of the amended petition on the United States Attorney, and set a briefing schedule on the amended § 2225 motion. In compliance with the Court's Order granting Petitioner's motion to amend, and to ensure that the docket properly reflected that Petitioner was proceeding on his all-inclusive amended petition, the Clerk later refiled the proposed amended § 2255 motion and 22-page affidavit, which were originally attached to Petitioner's motion to amend, as a separate docket entry. (Doc. No. 2218.)

On October 14, 2014, the Government filed a response to Petitioner's amended § 2255 motion. (Doc. No. 2178.) Petitioner filed his reply brief on November 20, 2014. (Doc. No. 2181.) On March 6, 2015, Petitioner filed a "Motion for Judicial Notice of Adjudicative Facts," which the Court construed as a supplement to his reply brief, and reviewed it together with his amended petition. (Doc. No. 2196.) On November 22, 2016, upon consideration of the fully briefed amended § 2255 motion, the Court issued a Memorandum and Order denying Petitioner's amended § 2255 motion and declining to issue a certificate of appealability under 28 U.S.C.§ 2253. (Doc. Nos. 2228, 2229.)

On February 13, 2017, following the Court's November 22, 2016 decision, Petitioner moved to reopen the time to file a notice of appeal of the Court's denial of his § 2255 motion under Federal Rule of Appellate Procedure 4(a)(6) (Doc. No. 2231), which was granted by Order dated April 20, 2017 (Doc. No. 2232). In accordance with that Order, Petitioner timely filed his notice of appeal to the United States Court of Appeals for the Third Circuit on May 2,

2017. (Doc. No. 2236.) Together with his notice of appeal, Petitioner filed a motion for leave to file a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 (Doc. No. 2234), which the Court granted on May 19, 2017. (Doc. No. 2238). Consequently, the Third Circuit stayed Petitioner's appeal pending the Court's consideration of his forthcoming Rule 60(b) motion.

The Court subsequently received Petitioner's Rule 60(b) motion for relief from judgment, together with several corresponding exhibits, on May 22, 2017. [1] (Doc. Nos. 2239, 2239-1, 2239-2.)

## II. LEGAL STANDARD

A motion for relief from judgment pursuant to Rule 60(b) "allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence. Gonzales v. Crosby, 545 U.S. 524, 528 (2005). The Rule authorizes a court to relieve a party from a final judgment or order in the following circumstances:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no

---

[1] Given the limited nature of the Court's jurisdiction to entertain Petitioner's Rule 60(b) motion, it will defer consideration of Petitioner's subsequently-filed motions consisting of a "Motion for Discovery and Inspection" (Doc. No. 2241), "Motion for Injunction/ Protection/Restraining Order" (Doc. No. 2242), and "Motion to Amend Motion for Discovery and Inspection . . . and to Supplement" (Doc. No. 2244), pending the resolution of Petitioner's appeal.

3

longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b)(1)-(6). Rule 60(b)(6) "permits reopening when the movant shows 'any . . . reason justifying relief from the operation of the judgment' other than the more specific circumstances set out in Rules 60(b)(1)-(5)." Gonzalez, 545 U.S. at 529 (citations omitted). A party seeking relief under Rule 60(b)(6) bears a heavy burden of demonstrating "'extraordinary circumstances' justifying the reopening of a final judgment." Id. at 535. A motion filed under Rule 60(b) is addressed to the sound discretion of the trial court. Pierce Assoc. Inc. v. Nemours Found., 865 F.2d 530, 548 (3d Cir. 1988).

## III. DISCUSSION

While Petitioner moves for relief from final judgment under Federal Rule of Civil Procedure 60(a),[2] 60(b)(1), 60(b)(3), and 60(b)(6), his pro se motion is appropriately construed as one brought under Rule 60(b)(3), as Petitioner argues that his amended § 2255 motion was fraudulently altered by unidentified individuals who colluded to materially change and omit claims (Doc. No. 2239 at 2), and that the Court erroneously relied on a fraudulently-filed § 2255 motion in denying his request for relief.[3] (Id.); see Haines v. Kerner, 404 U.S. 519 (1972) (holding that pro se plaintiff submissions are to be liberally construed); Bush v. City of Phila.,

---

[2] Due to the procedural posture of this case, the Court is divested of its authority under Rule 60(a) to correct alleged clerical mistakes, oversights and omissions. Indeed, Rule 60(a) explicitly provides that, "after an appeal has been docketed in the appellate court and while it is pending, . . . a mistake may be corrected only with the appellate court's leave." Fed. R. Civ. P. 60(a).

[3] A claim of fraud on the court under Rule 60(d)(3) is reserved for egregious conduct and is distinct from the type of fraud provided for by Rule 60(b)(3), which includes misrepresentations or misconduct by opposing parties or counsel in a case. Gagliardi v. Courter, No. CIV.A. 02-2035, 2011 WL 710221, at *1 (W.D. Pa. Feb. 22, 2011). Regardless of whether viewed under Rule 60(b) or Rule 60(d), Petitioner is not entitled to relief.

4

367 F. Supp. 2d 722, 725 (E.D. Pa. 2005) (stating that in connection with liberal construction of pro se submissions, courts should "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name").

The relevant provision of the Rule here, 60(b)(3), provides that a court may grant relief from a judgment or order on a finding of "fraud, misrepresentation, or misconduct by an opposing party." Establishing fraud on a 60(b)(3) motion requires the moving party to present "clear and convincing evidence that the alleged fraud prevented them from 'fully and fairly' presenting their case." Cavalier Clothes Inc., v. Maj. Coat Co., No. Civ. A. 89-3325, 1995 WL 314511, at *3 (E.D. Pa. May 18, 1995) (quoting Stridiron v. Stridiron, 698 F.2d 204, 206-07 (3d Cir. 1983)).

In support of his assertion that the amended § 2255 motion was the product of fraud, Petitioner maintains that the Court failed to address certain claims he undoubtedly raised in the proposed amended § 2255 motion attached to his motion for leave to amend (see Doc. No. 2167), which he insists lends credence to his theory that the amended § 2255 motion contained at Document Number 2218 is fraudulent and materially different from the one attached to his motion for leave to amend at Document Number 2167. Further, Petitioner curiously directs the Court to an inconsistency in the docket sheet with respect to the docket number assigned to his amended § 2255 motion upon being administratively refiled as a separate docket entry, and remarks that the amended § 2255 motion, contained at Document Number 2218, is out of sequence, which he believes is evidence that the petition was "either issued with a pre-dated docket number two years in advance or the filing of the [petition] was delayed two years," and was thus, altered in some fashion during that timeframe. (See Doc. No. 2239 at 2.) In essence, it appears that Petitioner accuses an unknown adversary of fraudulently replacing documents in the

5

record. (Doc. No. 2239 at 5-7 ("True, I can[']t identify (a) specific culprit of the collusion, but facts and circumstance do clearly and convincingly identify different parties and that collusion and fraud did occur and did affect the judicial process.")).

Having considered the arguments advanced by the Petitioner in his motion for relief from judgment, the Court finds that Petitioner has failed to sustain his burden of proving fraud and misrepresentation by clear and convincing evidence as would entitle him to relief under Federal Rule of Civil Procedure 60(b)(3). Petitioner's allegations of fraud are wholly unsubstantiated and, quite frankly, belied by the record. See Johnson v. Rardin, 627 F. App'x 140, 141-42 (3d Cir. 2015) (finding that vague insinuations that there was a conspiracy to disenfranchise petitioner were insufficient to support Rule 60(b)(3) relief). Petitioner's voluminous proposed amended motion to vacate and its attachments (Doc. No. 2167), the amended motion to vacate and its attachments (Doc. No. 2218), and the attachments to the pending motion for relief from judgment (Do. No. 2239), are identical.

In the Court's view, what remains in the absence of credible evidence of a fraud are allegations reflecting Petitioner's mere dissatisfaction with the Court's liberal characterization of the claims presented in his amended § 2255 motion and the Court's ultimate findings with respect to those claims. (See Doc. No. 2239-1 at 5 (challenging the Court's decision on the basis that it failed to reference certain claims, "altered or changed claims," omitted "material portions" from quotes, and indirectly referred to facts contained in the affidavit and exhibits without mentioning that it considered those materials)). A Rule 60(b) motion, however, may not be used "as a means to reargue matters already argued and disposed of or as an attempt to relitigate a point of disagreement between the Court and the litigant." See Jones v. Shannon, No. 3:05-CV-2255, 2013 WL 6021956, at *7 (M.D. Pa. Nov. 13, 2013); see also Ford v. United

6

States, No. CIV. 08-4932 JBS, 2012 WL 4434734, at *2 (D.N.J. Sept. 24, 2012) (characterizing petitioner's arguments that the court failed to liberally construe his claims and failed to fully adjudicate all claims in disposing of his § 2255 motion as "alleged mistakes of law" under Rule 60(b)(1), and noting that "the Third Circuit has held that 'a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion'") (quoting Smith v. Evans, 853 F. 2d 155, 158 (3d Cir.1988)). As the Petitioner has failed to present a viable basis justifying relief from judgment, the Court will deny his motion.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's motion for relief from judgement pursuant to Rule 60(b) of the Federal Rules of Civil Procedure will be denied. An appropriate Order follows.